UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES KYLE PECK,

    Plaintiff,

v.

STATE OF WASHINGTON,

    Defendant.

CASE NO. 3:15-CV-05917-RBL-DWC

REPORT AND RECOMMENDATION

NOTED FOR: JANUARY 15, 2016

    Plaintiff James Kyle Peck is presently confined at the Stafford Creek Corrections Center ("SCCC"). Dkt. 5. On December 21, 2015, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. Dkt. 4. Plaintiff filed his Complaint the same day. Dkt. 5. The Court declined to serve the Complaint because it is deficient. Dkt. 8. Instead, the Court ordered Plaintiff to show cause, by the filing of an amended complaint, why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. Dkt. 8. Plaintiff has until January 22, 2016 to comply with the Court's Order.

    At the time he filed his Complaint, Plaintiff also filed a Motion for Temporary Order ("Motion"), which the Court interprets as Motion for Temporary Restraining Order. Dkt. 7.

REPORT AND RECOMMENDATION - 1

Although the basis for Plaintiff's Motion is unclear, it appears Plaintiff seeks a Court Order directing Defendant to allow Plaintiff to visit with his daughter. *Id.*

The undersigned recommends that the Plaintiff's Motion (Dkt. 7) be denied without prejudice because no defendants have been served, there is no viable complaint, and, based on the record before it, the Court lacks jurisdiction to issue the relief requested.

**DISCUSSION**

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

> 1)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>
> 2)   the [movant] certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

Federal courts are courts of limited jurisdiction, and as an initial matter, the court must have before it an actual case or controversy, or it has no power to hear the question. *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982). Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration and Naturalization Serv.,* 753 F.2d 719, 727 (9th Cir. 1983); Fed. R. Civ. P. 65(d) (persons bound by injunction).

1    Here, no viable complaint has been filed in this action and no potential defendant or
2 defendants have been served. Thus, Plaintiff is not entitled to a preliminary injunction because
3 there is no case or controversy and the Court lacks authority to issue injunctive relief against
4 individuals or entities over whom it lacks jurisdiction. *See Zepeda,* 753 F.2d at 727; Fed. R. Civ.
5 P. 65(d). Accordingly, the undersigned recommends Plaintiff's Motion (Dkt. 7) be denied
6 without prejudice.

7    If Plaintiff chooses, he may file a renewed motion for temporary restraining order and
8 serve it on Defendant(s). *See* Fed. R. Civ. P. 5(b)(1). If Plaintiff does re-file his motion, he must
9 also file a certificate of service stating he has served Defendant(s) with the motion. *See* Fed. R.
10 Civ. P. 5(d). Plaintiff should keep in mind that any issues raised in any such motion must be
11 related to the issues raised in his amended complaint and he must establish the following: (1) a
12 likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if
13 injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4)
14 advancement of the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008)
15 (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)).

16                                                **CONCLUSION**

17    The undersigned recommends that the Plaintiff's Motion for Temporary Restraining
18 Order (Dkt. 7) be denied without prejudice.

19    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
20 fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P.
21 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.
22 *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the
23 Clerk is directed to set the matter for consideration on **January 15, 2016** as noted in the caption.
24

REPORT AND RECOMMENDATION - 3

1 | Dated this 24th day of December, 2015.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge